# United States District Court

## NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

MATT MARTORELLO, et al.     §
                    §
         v.             §      CASE NO. 3:19-MC-0002-S
                    §
LULA WILLIAMS, et al.       §

## MEMORANDUM OPINION AND ORDER

This Order addresses Respondents Lula Williams, Gloria Turnage, George Hengle, Dowin

Coffy, and Marcella P. Singh's (collectively, "Respondents") Motion to Transfer the Motion to

Quash Subpoena [ECF No. 2]. For the following reasons, the Court grants the Motion.

## I.     BACKGROUND

Movants Matt Martorello, Liont, LLC, and Eventide Acquisitions, LLC's (collectively,

"Movants") Motion to Quash stems from a case currently pending in the Eastern District of

Virginia. *See Williams v. Big Picture Loans, LLC*, 3:17-cv-00461-REP (E.D. Va.). The *Williams*

plaintiffs allege that two consumer-lending companies wrongfully claim to be tribal entities to

shield themselves from enforcement of Virginia usury laws. Movants' Mot. to Quash 2-3. In

particular, the plaintiffs allege that Martorello transferred his lending company to the Lac Vieux

Desert Band of Lake Superior Chippewa Indians to evade legal liability, that the tribe rebranded

the company, and that the company continues to operate with only limited involvement from the

tribe. *Id.* at 3 (citing Movants' App. 1-41). The plaintiffs assert claims under the Racketeer

Influenced and Corrupt Organizations Act and Virginia usury laws, along with a claim for unjust

enrichment. *Id.*

On December 18, 2018, the *Williams* plaintiffs served a document subpoena on

Martorello's personal bank, Tolleson Private Bank ("Tolleson"). *Id.* at 4 (citing Movants' App.

42-47). The subpoena seeks, among other things, bank statements, canceled checks, documents relating to debits and credits, deposit slips, records relating to wire transfers, account applications, and communications between Martorello and Tolleson. *Id.* at 5 (citing Movants' App. 42-47). On January 7, 2019, Movants filed their Motion to Quash Subpoena in this Court. *See* ECF No. 1. On January 25, 2019, Respondents filed their Motion to Transfer, seeking to transfer the Motion to Quash to the Eastern District of Virginia, which is the court that issued the subpoena. *See* ECF No. 2.

## II.    ANALYSIS

Federal Rule of Civil Procedure 45(f) provides: "When the court where compliance is required did not issue the subpoena, it may transfer a [subpoena-related] motion . . . to the issuing court if the person subject to the subpoena consents or if the court finds exceptional circumstances." Tolleson does not consent to the transfer of the Motion to Quash, as evidenced by its Objection to Respondent[s'] Motion to Transfer. *See* ECF No. 6. "In the absence of consent, the court may transfer in exceptional circumstances, and the proponent of transfer bears the burden of showing that such circumstances are present." FED. R. CIV. P. 45(f) advisory committee's note to 2013 amendment. When analyzing whether transfer is appropriate, the Court's

> prime concern should be avoiding burdens on local nonparties subject to subpoenas, and it should not be assumed that the issuing court is in a superior position to resolve subpoena-related motions. In some circumstances, however, transfer may be warranted in order to avoid disrupting the issuing court's management of the underlying litigation, as when that court has already ruled on issues presented by the motion or the same issues are likely to arise in discovery in many districts. Transfer is appropriate only if such interests outweigh the interests of the nonparty served with the subpoena in obtaining local resolution of the motion.

*Id.*

The Court finds that exceptional circumstances are present in this case. First, transferring the Motion to Quash will avoid inconsistent rulings on the disclosure of Martorello's financial

information and will promote judicial efficiency. Indeed, the judge presiding over the underlying action, Judge Robert E. Payne, stated that a party seeking to transfer a subpoena-related motion could "represent that" Judge Payne is "prepared to resolve all of these questions so that they will be resolved consistently." Resp'ts' Reply 4 (citation omitted). Second, Judge Payne is thoroughly familiar with the facts of the *Williams* case, which are complex. Third, similar motions have either been transferred to or decided by the court that issued the subpoena. *See, e.g.*, Movants' Resp. 4 ("There have been at least five subpoena-related motions transferred to the Eastern District of Virginia . . . ."). Fourth, transfer is warranted to "avoid disrupting the issuing court's management of the underlying litigation." FED. R. CIV. P. 45(f) advisory committee's note to 2013 amendment. Fifth, the issuing court has been actively involved in the discovery process. *See* Mot. to Transfer 7 (noting that the issuing court "has held two substantive, discovery-related hearings since Movants filed their Motion to Quash").

The Court must weigh the above exceptional circumstances against the "burdens on local nonparties subject to subpoenas." *Chem-Aqua, Inc. v. Nalco Co.*, No. 3:14-mc-71-D-BN, 2014 WL 2645999, at *1 (N.D. Tex. June 13, 2014). Tolleson argues that it would be "overly burdensome for Tolleson to now engage counsel from the issuing court" and that, even if the issuing court "proffers accommodations to offset this burden, Tolleson's counsel would still be ethically obligated to determine whether there are any substantive or procedural legal issues that need to be addressed and briefed." Tolleson's Obj. 2. Movants also argue that Tolleson "is headquartered and based in Dallas, and any responsive documents are located in Dallas." Movants' Resp. 13.

The Court finds that Movants and Tolleson will likely need to make only minimal modifications, if any, to already-filed briefs should the Court transfer the Motion to Quash. As to

3

the argument that Tolleson's counsel must determine whether any legal issues need to be addressed and briefed, "[a]lmost any subpoenaed party could make the same undue burden argument[]." *Chem-Aqua*, 2014 WL 2645999, at *3. Regarding the argument that Tolleson is based in Dallas, the Court notes the regularity of telephonic appearances and Rule 45(f)'s explicit efforts to minimize the burdens on nonparties. *See* FED. R. CIV. P. 45(f) advisory committee's note to 2013 amendment ("If the motion is transferred, judges are encouraged to permit telecommunications methods to minimalize the burden a transfer imposes on nonparties . . . .").

Ultimately, the Court concludes that the exceptional circumstances outlined above outweigh the interests of Tolleson in obtaining local resolution of the Motion.

## III.     CONCLUSION

For the reasons discussed above, the Court grants the Motion to Transfer. It is ordered that the Clerk shall transfer this case to the United States District Court for the Eastern District of Virginia, Senior Judge Payne, for consideration of the Motion to Quash in connection with the underlying litigation, *Williams v. Big Picture Loans, LLC*, 3:17-cv-00461-REP (E.D. Va.).

**SO ORDERED.**

SIGNED July 26, 2019.

**KAREN GREN SCHOLER**
**UNITED STATES DISTRICT JUDGE**